CADY, Chief Justice
(concurring specially).
I concur in the opinion of the majority. All searches must be reasonable, and reasonableness must both justify the search and constrain its scope. See State v. King, 867 N.W.2d 106, 124, 2015 WL 3930051 (Iowa 2015). Under the facts of this case, the justification for permitting a warrant-less search incident to arrest does not apply to a locked safe inside an unoccupied vehicle.
Additionally, a recognized exception to the warrant requirement cannot live beyond the life of the justification responsible for its existence. The automobile exception to the warrant requirement was created by the United States Supreme Court ninety years ago during Prohibition. See Carroll v. United States, 267 U.S. 132, 153-54, 45 S.Ct. 280, 285, 69 L.Ed. 543, 551 (1925). The justification for the warrant-less search was grounded in the practical problems for police of obtaining a search warrant presented by the mobility of a vehicle. Id. at 267 U.S. at 153, 45 S.Ct. at 285, 69 L.Ed. at 551 (noting the vehicle could be moved out of the jurisdiction while the warrant was being sought). The need for the automatic nature of this exigency justification, however, may be affected by the changing technology that is speeding up the warrant process. While a vehicle remains mobile, the Iowa court system is now the first court system in the nation to be totally electronic for all users at all levels. Court users can electronically access courts, and a police officer now has the capability to access the court system from the computer in a police vehicle to request a search warrant based on probable cause at all times of the day and night. In the future, warrants will likely be received within a short period of time during the course of a roadside encounter.
An automatic exception to the warrant requirement, particularly one based on exigency, must account for the new world of technology, and must not continue to exist simply because it existed in the past. In some instances, this new world may require movement from an automatic exigency to the standard exigent-circumstances requirement in which the rapid nature of occurrences precluding the wait for a warrant must be explained on a case-by-case basis.
WIGGINS, J., joins this special concurrence.